UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE OHIO CARPENTERS HEALTH & WELFARE FUND, | ) ) ) | Case No.: 1:10 CV 622 |
| | ) | |
| Plaintiff | ) ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| THE MYRON CORNISH COMPANY OF COLUMBUS, *et al.*, | ) ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending in the above-captioned case is Plaintiff Board of Trustees of the

Ohio Carpenters' Health and Welfare Fund's ("Plaintiff") Motion to Enforce the Settlement

Agreement (ECF No. 16).  For the following reasons, the court grants the Motion.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff maintains that the parties entered into a settlement agreement on August 4,

2010.  Defendants Myron Cornish Company of Columbus and Richard Ziska, Jr. (collectively,

"Defendants")  maintain that they never agreed to the proposed settlement terms.

On July 22, 2010, Plaintiff's counsel sent the following email to Defendants' counsel:

> Presently, The Myron Cornish Company owes Ohio Health and Welfare
> a total of $239,815.50 which is comprised of $208,786.46 in benefits
> and $31,029.04 in damages. (These totals were increased from previous
> amounts by the submission of the June report and decreased by the
> payment of February fringes and much of March fringes.)

Here's our proposal:
- Cognovit Promissory Note – $208,786.46 paid over five years at 7 percent interest. Payments would be about $4,133 per month.
- Security interest in the company's two claims for bond payments.
- A security interest in the company's account receivables in a position junior to only the bank's interest.
- Mr. Ziska would not be required to sign a personal guaranty, as is the Fund's usual policy in its collections.
- In exchange, the lawsuit would be dismissed with prejudice against the company and without prejudice against Mr. Ziska as an individual.

(July 22, 2010 Email, ECF No. 16-1.)

On August 4, 2010, counsel for Defendant responded with the following:

I communicated with Rick Ziska who agrees with the settlement except as to the amount, which he disputes based on the end of month hours in two pay periods in an amount approximating $1,000. I understand that Rick will call Elaine with Ohio Carpenters to discuss.

Please prepare and forward the note for review.  I know that Rick is looking forward to settling this matter promptly.

(August 4, 2010 Email, ECF No. 16-2.)  On August 9, 2010, counsel for both parties informed Magistrate Judge Kenneth S. McHargh that they had reached an agreement.

On August 27, 2010, counsel for Plaintiff sent Defendants' counsel a copy of a Promissory Note and a Security Agreement purportedly including the terms of the agreed-upon settlement.  (Cognovit Note and Security Agreement, ECF No. 16-3.)  However, Plaintiff's counsel materially altered the terms of the July 22, 2010 email by leaving out that the security interest in the accounts receivables was to be junior to the bank's[1] security interest in those accounts and by adding that a security interest in "accounts" was to exist.  (*Id*., at p. 6 ("As

_____

[1]     The parties did not specify which bank this is in their papers.

-2-

collateral security for the repayment of the promissory note, Debtor assigns and grants Secured Party a security interest in ... (a) all existing and future "accounts " and 'accounts receivables' . . . ").)  Pursuant to the July 22, 2010 email, the security interest in "accounts receivables" must be junior to the bank's security interest.

The court dismissed this case on August 31, 2010.  On September 15, 2010, counsel for Defendants sent counsel for Plaintiff the Security Agreement with edits.  These edits deleted the provision in the Security Agreement originally sent by Plaintiff's counsel that stated that there would be a security interest in accounts and accounts receivables.  (ECF No. 17-2.) Defendants' counsel represented that his client would sign the edited version of the Security Agreement.  (*Id*.)  Defendants' counsel stated in an affidavit attached to Defendants' Opposition that "[a]t no time did I understand that [Plaintiff's counsel's] proposal included all receivables until I received her draft on August 27, 2010."  (ECF No. 17-1.)

## II.  LAW AND ANALYSIS

The Sixth Circuit determined that, "[t]o enforce a settlement, a district court must conclude that agreement has been reached on all material terms." *Henley v. Cuyahoga County Bd. of Mental Retardation & Developmental Disabilities*, 141 F. App'x 437, 442–43 (6th Cir. 2005).  The *Henley* Court went on to state that, "[s]ummary enforcement is appropriate 'where no substantial dispute exists regarding the entry into and the terms of an agreement.'"  *Id.* at 443 (quoting *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001)). Therefore, the question before this court is whether an agreement has been reached on all of the material terms.

-3-

There must be an offer and acceptance of that offer in order for an agreement to exist. *Minster Farmers Coop. Exchange Co., Inc. v. Meyer*, 884 N.E.2d 1056, ¶ 28 (Ohio 2008) (quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D.Ohio 1976)) ("'Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.'").  The offer in this case is the July 22, 2010 email, which contained the following terms:

> Cognovit Promissory Note –$208,786.46 paid over five years at 7 percent interest. Payments would be about $4,133 per month.
> - Security interest in the company's two claims for bond payments.
> - A security interest in the company's account receivables in a position junior to only the bank's interest.
> - Mr. Ziska would not be required to sign a personal guaranty, as is the Fund's usual policy in its collections.
> - In exchange, the lawsuit would be dismissed with prejudice against the company and without prejudice against Mr. Ziska as an individual.

(July 22, 2010 Email, ECF No. 16-1.) On August 4, 2010, counsel for Defendant clearly stated in an email that the representative of his client, Mr. Rick Ziska, "agrees with the settlement except as to the amount, which he disputes based on the end of month hours in two pay periods in an amount approximating $1,000."  (August 4, 2010 Email, ECF No. 16-2.)

The court finds that this exchange constituted a valid offer and acceptance.  In fact, Defendants' counsel stated in his September 15, 2010 email that, in Plaintiff's counsel's drafted Security Agreement, she "rewrote the agreement that had been discussed and reached." (September 15, 2010 Email, ECF No. 16-4.)  Moreover, Defendants stated in their Opposition to the pending Motion that "Defendants believed that they had settled until a belated August

-4-

27, 2010 written proposal was submitted by Plaintiff's counsel that incorporated terms that had been rejected by Defendants." (Defs.' Memo. in Opp. to Mot. to Enforce Settlement, ECF No. 17, at p. 2.)

The fact that the parties disputed an amount of approximately $1,000 as of August 4, 2010, does not affect whether an agreement exists. The discrepancy of $1,000 is not a material term of the agreement given that the total sum of money to be paid by Defendants to Plaintiff is more than $200,000. *See Henley*, 141 F. App'x at 442-443. Nor does the fact that Plaintiff's counsel incorrectly memorialized the terms of the email agreement in her draft of the Security Agreement, attached to an email to Defendants' counsel on August 27, 2010. *See RE/MAX*, 271 F.3d at 646 (The Court found that an agreement existed even though the parties still had not "sort[ed] out the non-material details and put the agreement in writing."). By August 4, 2010, an agreement had been made between the parties. Therefore, subsequent changes to the agreed-upon terms in the attempted memorializations of the agreement, including both those by Plaintiff's counsel, attached to an email on August 27, 2010 (ECF No. 16-3), and those by Defendants' counsel, attached to an email on September 15, 2010 (ECF No. 17-2), did not alter or nullify the original agreement.

Therefore, the terms of the Settlement Agreement are as articulated in the July 22, 2010 email. The parties should reach a consensus on the approximate $1,000 of disputed funds.

### III.  CONCLUSION

For the above-mentioned reasons, the court hereby grants Plaintiff's Motion to Enforce the Settlement Agreement (ECF No. 16). The court finds that it is not necessary to hold an evidentiary hearing on this issue because the "agreement is clear and unambiguous and no

issue of fact is present." *RE/MAX*, 217 F.3d at 646 (citing *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976)).

      IT IS SO ORDERED.


                        /S/ SOLOMON OLIVER, JR.
                        CHIEF JUDGE
                        UNITED STATES DISTRICT COURT

September 30, 2011